The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * *
The Full Commissions finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at the times of the alleged injuries.
3. That the carrier on the risk at the time plaintiff sustained the alleged injuries by accident was Wausau Insurance Company.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of hearing, plaintiff was thirty-seven years old and had completed high school with additional technical school training in the field of welding. The plaintiff's prior work experience included that of engineer assistant, maintenance, and sand blasting in general labor.
2. On October 1, 1990, plaintiff was employed by the defendant as a welder. On or about this date plaintiff was replacing a fixture used to make a brake and clutch band which required plaintiff to crawl underneath a rack. Plaintiff crawled underneath the rack and reached back in order to grab the fixture, and as he was grabbing the fixture, he felt a pain in the center of his lower back and running down his right leg.
3. Plaintiff did not report his injury to anybody and continued to work although he was in continuous pain. Plaintiff believed that the pain would go away but it did not.
4. Approximately two weeks after the incident plaintiff went to the New Hanover Memorial Hospital Emergency Room, complaining of sharp pains radiating down his right lateral thigh with weakness, numbness and tingling in both legs. Plaintiff informed the treating physician that his pain was a result of his job.
5. Plaintiff was taken out of work for three days. When plaintiff returned to work, he reported to the nurse and told her that he had pain in his back and legs and that it was a result of an accident on the job. After informing the nurse that his complaints were job-related, the nurse called plaintiff's supervisors. There was no report of the incident filed with the Industrial Commission by the defendant.
6. Plaintiff claim was filed under the defendant's medical insurance and short term disability.
7. Plaintiff asked the plant nurse, Ms. Hall, if she was going to file a claim under workers' compensation and she told him that she was not because, based on the information that he had given her, he did not have a workers' compensation claim. This conversation took place more than once between plaintiff and Ms. Hall.
8. Plaintiff had several surgeries as a result of his injuries and defendant was aware of the surgeries.
9. Plaintiff did not file his claim with the Industrial Commission until May 18, 1993, more than two years after the alleged incident.
10. Plaintiff failed to offer any evidence that defendant did anything to cause him not to file his claim within the two year period after his alleged accident.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has failed to file his claim for compensation with the Industrial Commission within the two year period following the alleged accident. Therefore, plaintiff's claim for compensation is barred by the two year statute of limitation, N.C. Gen. Stat. § 97-24.
2. In that the plaintiff did not file his claim within the two year period allowed, the Industrial Commission does not have jurisdiction to determine the merits of plaintiff's claim.
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claims for workers' compensation benefits must under the law be and they are hereby DENIED.
2. Each side shall pay its own costs.
This is the _____ day of April, 1997.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
DCS:jmf